1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   VIVIAN LEIGH CROWE,              )        NO. ED CV 13-1453-E
                                      )
12                  Plaintiff,        )
                                      )
13        v.                          )        **MEMORANDUM OPINION**
                                      )
14   CAROLYN W. COLVIN, ACTING        )
     COMMISSIONER OF SOCIAL SECURITY, )
15                                    )
                    Defendant.        )
16   _____)

17

18                              **PROCEEDINGS**

19

20        Plaintiff filed a Complaint on August 15, 2013, seeking review of

21   the Commissioner's denial of social security disability benefits.  The

22   parties filed a consent to proceed before a United States Magistrate

23   Judge on September 18, 2013.

24

25        Plaintiff filed a motion for summary judgment on February 21,

26   2014.  Defendant filed a motion for summary judgment on March 20,

27   2014.  The Court has taken both motions under submission without oral

28   argument.  See L.R. 7-15; "Order," filed August 22, 2013.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserted disability since November 4, 2005, based primarily on alleged fibromyalgia and alleged dermatomyositis (Administrative Record ("A.R.") 1-844). Fibromyalgia has been described as "a common, but elusive and mysterious, disease," whose "symptoms are entirely subjective." Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996). "Some people may have such a severe case of fibromyalgia as to be totally disabled from working . . . but most do not. . . ." Id. Dermatomyositis is "a connective-tissue disease characterized by skin and muscle inflammation. . . ." Skelcy v. UnitedHealth Group, Inc., 2012 WL 6087492, at *____ (D.N.J. Dec. 6, 2012), appeal dismissed, No. 13-1049 (3d Cir. April 4, 2013).

An Administrative Law Judge ("ALJ") examined the medical record, which contains conflicting evidence from numerous physicians (A.R. 17-844). On September 6, 2011, the ALJ heard testimony from Plaintiff, a medical expert, and a vocational expert (A.R. 35-61).[1] In a written decision dated September 30, 2011, the ALJ found Plaintiff retains the residual functional capacity to perform a limited range of light work (A.R. 17-27). This decision supplemented and incorporated by reference an earlier written decision issued by the same ALJ (A.R. 21; see A.R. 121-28).[2] In denying benefits, the ALJ found less than fully

---

[1] The ALJ also heard testimony from Plaintiff and others at two previous hearings (A.R. 69-113).

[2] Subsequent to the earlier decision, the Appeals Council had remanded the matter to the ALJ for further proceedings (A.R. 131-33).

credible Plaintiff's subjective complaints regarding the alleged
severity of her limitations (A.R. 21-22).  The ALJ also discounted the
opinions of three of Plaintiff's treating physicians (Drs. Freyne,
Darnell and Radentz) to the extent that these physicians believed
Plaintiff has greater limitations than the limitations the ALJ found
to exist (A.R. 22-26).  The Appeals Council denied review (A.R. 1-3).

**SUMMARY OF PLAINTIFF'S CONTENTIONS**

Plaintiff contends:

(1) The ALJ materially erred in finding less than fully
credible Plaintiff's subjective complaints regarding the
alleged severity of her limitations; and

(2) The ALJ materially erred in discounting the opinions of
Drs. Freyne, Darnell and Radentz.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the
Administration's decision to determine if: (1) the Administration's
findings are supported by substantial evidence; and (2) the
Administration used correct legal standards.  See Carmickle v.
Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such
relevant evidence as a reasonable mind might accept as adequate to

1  support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401

2  (1971) (citation and quotations omitted); <u>see also</u> <u>Widmark v.</u>

3  <u>Barnhart</u>, 454 F.3d 1063, 1067 (9th Cir. 2006).

4

5      This Court "may not affirm [the Administration's] decision simply

6  by isolating a specific quantum of supporting evidence, but must also

7  consider evidence that detracts from [the Administration's]

8  conclusion." <u>Ray v. Bowen</u>, 813 F.2d 914, 915 (9th Cir. 1987)

9  (citation and quotations omitted); <u>see</u> <u>Lingenfelter v. Astrue</u>, 504

10  F.3d 1028 (9th Cir. 2007) (same).  However, the Court cannot disturb

11  findings supported by substantial evidence, even though there may

12  exist other evidence supporting Plaintiff's claim.  <u>See</u> <u>Torske v.</u>

13  <u>Richardson</u>, 484 F.2d 59, 60 (9th Cir. 1973), <u>cert. denied</u>, 417 U.S.

14  933 (1974); <u>Harvey v. Richardson</u>, 451 F.2d 589, 590 (9th Cir. 1971).

15

16                              **DISCUSSION**

17

18      After consideration of the record as a whole, Defendant's motion

19  is granted and Plaintiff's motion is denied.  The Administration's

20  findings are supported by substantial evidence and are free from

21  material[3] legal error.

22  ///

23  ///

24  ///

25

26  _____

27      [3]    The harmless error rule applies to the review of
    administrative decisions regarding disability.  <u>See</u> <u>McLeod v.</u>

28  <u>Astrue</u>, 640 F.3d 881, 887-88 (9th Cir. 2011); <u>Curry v. Sullivan</u>,
    925 F.2d 1127, 1129 (9th Cir. 1991).

**I.     The ALJ Did Not Materially Err in Finding Plaintiff's Subjective Complaints Less Than Fully Credible.**

Plaintiff argues that the ALJ erred in finding Plaintiff's subjective complaints less than fully credible.  No material error occurred.

An ALJ's assessment of a claimant's credibility is entitled to "great weight."  Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  Where, as here, the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some of the symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see also Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) (reaffirming same); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[4]  As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully

---

[4]     In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v. Commissioner, 659 F.3d 1228, 1234 (9th Cir. 2011); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases).  In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

5

1  credible.

2

3       The ALJ properly reasoned that the objective medical evidence did

4  not support a level of symptomatology that would prevent Plaintiff

5  from working (A.R. 21-26).  Although a claimant's credibility "cannot

6  be rejected on the sole ground that it is not fully corroborated by

7  objective medical evidence, the medical evidence is still a relevant

8  factor. . . ."  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.

9  2001).  Here, the medical evidence suggests Plaintiff's limitations

10 have not been, and are not now, as profound as she sometimes has

11 claimed (A.R. 36-46 (medical expert testifying in detail concerning

12 the lack of objective medical evidence to support Plaintiff's claimed

13 limitations); see also A.R. 411-844).

14

15      In the most recent decision, as well as in the prior decision

16 incorporated by reference, the ALJ properly pointed out

17 inconsistencies in Plaintiff's various reports regarding the alleged

18 severity of her limitations (A.R. 21-22, 24-25, 127).[5]  For example,

19 while she testified to allegedly disabling side effects from

20 medication, she failed even to mention such alleged side effects to

21 her treating physicians (or to the Department of Motor Vehicles) (A.R.

22 82-83, 127).  She testified to allegedly disabling conditions that

23 assertedly were worsening in some respects, whereas the record

24 reflects multiple statements made by Plaintiff to doctors admitting

25 that Plaintiff is feeling "good" or "great" and doing "better" (A.R.

26

27      [5]    The ALJ properly could consider credibility problems
   with Plaintiff's prior testimony.  See, e.g., Washington v.
28 Astrue, 286 Fed. App'x 413 (9th Cir. 2008).

47-49, 95, 98, 774, 776, 780-91, 820).  Such inconsistencies can

justify the rejection of a claimant's credibility.  See Burch v.

Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) ("In determining

credibility, an ALJ may engage in ordinary techniques of credibility

evaluation, such as considering claimant's reputation for truthfulness

and inconsistencies in claimant's testimony."); Thomas v. Barnhart,

278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between the

claimant's testimony and the claimant's conduct supported rejection of

the claimant's credibility); Verduzco v. Apfel, 188 F.3d 1087, 1090

(9th Cir. 1999) (inconsistencies between the claimant's testimony and

actions cited as a clear and convincing reason for rejecting the

claimant's testimony); see also McCawley v. Astrue, 423 Fed. App'x

687, 689-90 (9th Cir. 2011) (upholding ALJ's discounting of a

claimant's credibility on the basis that the claimant visited a

treating physician a number of times without making complaints

concerning her alleged symptoms).

The ALJ also properly emphasized the extensiveness of Plaintiff's

reported activities (A.R. 22, 24, 126-27).  During times she claimed

to be disabled from all employment, Plaintiff admitted she was

exercising regularly, walking 10 to 12 blocks (or 45 minutes) at a

time and doing water aerobics (A.R. 100, 126, 443, 510).  During times

Plaintiff claimed to be disabled from all employment, Plaintiff

attended an out of town political convention[6] and later journeyed to

the east coast (A.R. 631-70, 626).  This latter trip appears

---

[6]    During the convention trip, Plaintiff reportedly
experienced shingles-related pain or tightness which she
apparently mistook for a heart problem (A.R. 586).

inconsistent with Plaintiff's claim that she "cannot sit, stand, bend, nor walk for any long period of time" (A.R. 339).  Inconsistencies between a claimant's activities and the claimant's alleged limitations can support the rejection of the claimant's credibility.  See, e.g., Molina v. Astrue, 674 F.3d at 1112; Burch v. Barnhart, 400 F.3d at 680-81; Thomas v. Barnhart, 278 F.3d at 958-59; Verduzco v. Apfel, 188 F.3d at 1090.

The ALJ also cited the relatively conservative nature of the treatment Plaintiff has received for her allegedly disabling symptoms, and the fact that she sometimes only sporadically had attended her scheduled medical appointments (A.R. 23-24, 428-37, 441-45, 467-73, 481-501).  Conservative treatment or an unexplained or inadequately explained failure to seek regular treatment can sometimes justify the discounting of a claimant's credibility.  See, e.g., Molina v. Astrue, 674 F.3d at 1112 (citations and quotations omitted); Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989).

Assuming arguendo that one or two of the reasons stated by the ALJ for discounting Plaintiff's credibility are somehow infirm, the ALJ's credibility determination nevertheless would stand.  Under Carmickle v. Commissioner, 533 F.3d at 1163, the infirmity of one or two supporting reasons for an ALJ's credibility determination does not require overturning the determination if independently valid supporting reasons remain.  Independently valid supporting reasons would remain in the present case.

8

1    In sum, the ALJ stated sufficient reasons to allow this Court to

2    conclude that the ALJ discounted Plaintiff's credibility on

3    permissible grounds.  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th

4    Cir. 2004).  The Court therefore defers to the ALJ's credibility

5    determination.  See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th

6    Cir. 2007) (court will defer to ALJ's credibility determination when

7    the proper process is used and proper reasons for the decision are

8    provided); accord Flaten v. Secretary of Health & Human Services, 44

9    F.3d 1453, 1464 (9th Cir. 1995).

10

11   **II.   The ALJ Did Not Materially Err in Discounting the Opinions of**

12   **       Drs. Freyne, Darnell and Radentz.**

13

14       A treating physician's conclusions "must be given substantial

15   weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see

16   Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

17   give sufficient weight to the subjective aspects of a doctor's

18   opinion. . . .  This is especially true when the opinion is that of a

19   treating physician") (citation omitted); see also Orn v. Astrue, 495

20   F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to

21   treating physician opinions).  Even where the treating physician's

22   opinions are contradicted,[7] "if the ALJ wishes to disregard the

23   opinion[s] of the treating physician he . . . must make findings

24   setting forth specific, legitimate reasons for doing so that are based

25

26   _____

27       [7]    Rejection of an uncontradicted opinion of a treating
     physician requires a statement of "clear and convincing" reasons.
28   Smolen v. Chater, 80 F.3d at 1285; Gallant v. Heckler, 753 F.2d
     1450, 1454 (9th Cir. 1984).

9

1  on substantial evidence in the record." <u>Winans v. Bowen</u>, 853 F.2d
2  643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted);
3  <u>see Rodriguez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may disregard the
4  treating physician's opinion, but only by setting forth specific,
5  legitimate reasons for doing so, and this decision must itself be
6  based on substantial evidence") (citation and quotations omitted).
7  Contrary to Plaintiff's arguments, the ALJ stated sufficient specific,
8  legitimate reasons for discounting the contradicted opinions of Drs.
9  Freyne, Darnell and Radentz.

10

11      As the ALJ pointed out, the opinions of each of these three
12  doctors lacked sufficient support in clinical findings and objective
13  medical evidence (A.R. 21-26, 36-46, 411-844).[8]  An ALJ may discount
14  treating physicians' opinions that are not adequately supported by
15  clinical findings and objective medical evidence.  <u>See</u> <u>Batson v.</u>
16  <u>Commissioner</u>, 359 F.3d 1190, 1195 (9th Cir. 2004); <u>Connett v.</u>
17  <u>Barnhart</u>, 340 F.3d 871, 875 (9th Cir. 2003); <u>Matney v. Sullivan</u>, 981
18  F.2d 1016, 1019-20 (9th Cir. 1992); <u>see also</u>  <u>Magallanes v. Bowen</u>, 881
19  F.2d 747, 753 (9th Cir. 1989) (ALJ can meet requirement to set forth
20  reasons to reject a treating physician's opinion by "setting out a
21  detailed and thorough summary of the facts and conflicting clinical
22  evidence, stating his interpretation thereof and making findings")
23  (citations and quotations omitted).

24  _____

25      [8]    Contrary to Plaintiff's suggestion, the ALJ relied on
    doctors other than the medical expert.  For example, the ALJ
26  cited and discussed the report of Dr. Mehta, an examining
    physician (A.R. 23).  Dr. Mehta stated that, during a time
27  Plaintiff claimed to be disabled, Plaintiff's dermatomyositis was
    fairly well controlled and Plaintiff had no rash and no muscle
28  weakness, tenderness or atrophy (A.R. 451-52).

1     Given the nature of fibromyalgia and dermatomyositis, the absence

2 of objective medical evidence supporting the claimed severity of

3 Plaintiff's functional limitations is perhaps understandable, as is

4 the treating physicians' necessary reliance on Plaintiff's subjective

5 complaints regarding her alleged symptomatology.  However, an ALJ is

6 not obligated to accept treating physicians' functional assessments

7 that are predicated on a claimant's properly discounted subjective

8 complaints.  See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

9 2001) (ALJ is free to disregard a treating physician's opinion that is

10 predicated on the properly discounted subjective complaints of the

11 claimant); accord Mattox v. Commissioner, 371 Fed. App'x 740, 742 (9th

12 Cir. 2010); Fair v. Bowen, 885 F.2d at 605.  As discussed in Section

13 I, the ALJ properly discounted Plaintiff's subjective complaints.

14

15     The record contains some dramatically conflicting evidence,[9] but

16 it was the prerogative of the ALJ to resolve such conflicts.  See

17 Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  Where, as here,

18 the evidence "is susceptible to more than one rational

19 interpretation," the Court must uphold the administrative decision.

20 See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord

21 Thomas v. Barnhart, 278 F.3d at 954; Sandgathe v. Chater, 108 F.3d

22 978, 980 (9th Cir. 1997).

23 ///

24 ///

25 ///

26

27     [9]    Some doctors (both examining and non-examining) opined
that Plaintiff could perform even heavy work (A.R. 411-16, 419-
28 26, 438).

1                              **CONCLUSION**

2

3       For all of the reasons discussed herein,[10] Plaintiff's motion for

4   summary judgment is denied and Defendant's motion for summary judgment

5   is granted.

6

7       LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9       DATED: April 3, 2014.

10

11                              _____/S/_____
                                    CHARLES F. EICK
12                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23   _____

24       [10]    The Court has considered and rejected each of
25   Plaintiff's arguments, although the Court has discussed only
     Plaintiff's principal arguments herein.  Neither Plaintiff's
26   arguments nor the circumstances of this case show any
     "substantial likelihood of prejudice" resulting from any error
27   allegedly committed by the Administration.  See generally McLeod
     v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the
28   standards applicable to evaluating prejudice).